IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| AT&T CORP.,<br>a New York corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>MAX FITNESS ELIT a/k/a<br>MAX FITNESS, LLC,<br>a Foreign Limited Liability Company,<br><br>　　　Defendant. | Civil No.: |

## COMPLAINT

Plaintiff AT&T Corp. (hereinafter "AT&T" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Max Fitness ELIT a/k/a Max Fitness, LLC (hereinafter ("MAX" or "Defendant"), complains and alleges as follows:

## PARTIES

1.　　Plaintiff AT&T Corp. is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at One AT&T Way, Bedminster, New Jersey, 07921, and authorized to do business as a foreign profit corporation within the State of Georgia.

2.　　Upon information and belief, MAX is a foreign profit corporation organized and duly formed under the laws of Delaware but transacts business as a foreign limited liability company in the State of Georgia with its principal office address located at 3049 Tower Road, Columbus, Muscogee County, Georgia 31909.

## JURISDICTION AND VENUE

3. The United States District Court for the Middle District of Georgia has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between parties that are domiciled in different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), in that MAX exists within the judicial district of the United State District Court for the Middle District of Georgia pursuant to 28 U.S.C. §1391(c)(2).

5. The Master Agreement between AT&T Corp. and MAX states "This Agreement will be governed by the law of the State of New York …". *See* **Exhibit 1** at § 10.11.

## GENERAL ALLEGATIONS

6. MAX has entered into various contracts with AT&T since 2014 fiber broadband services, interstate dedicated private line services, managed internet services with managed routers, flex bandwidth, local and long distance services and other telecommunication related services (the "Services"), the relevant and subject contracts include a Master Agreement (Contract Id: 20140709-5338) effective July 9, 2014; AT&T Business Network (ABN) Express Bundle Agreement (Contract Id: CSM140627222951) effective July 3, 2014; AT&T IP Flexible Reach, AT&T IP Toll-Free and AT&T Voice DNA® Pricing Schedule (Contract Id: CON140702083651) effective July 11, 2014; and AT&T Managed Internet Service Pricing Schedule (Contract Id:CSM140702082750) effective August 14, 2014; (the "Contracts").

7. AT&T provided fiber broadband services, interstate dedicated private line services, managed internet services with managed routers, flex bandwidth, local and long

distance services and other telecommunication related services under the rates set forth in the Pricing Schedules and Business Services Agreements to MAX under Account numbers 171 797 1408 932, 831 000 522 7231 and 800 3003 3072 (the "Accounts").

8. MAX ordered, and AT&T provided to MAX, the fiber broadband services, interstate dedicated private line services, managed internet services with managed routers, flex bandwidth, local and long distance services and other telecommunication related services that are the subject of this Complaint from approximately July 2014 through October 2018 (the "Services").

9. MAX is indebted to AT&T for the Services in the amount of $101,965.74 due under the Accounts.

10. Prior to the commencement of this action, AT&T demanded payment for the charges under the Accounts, but received no part of the balance due.

11. AT&T seeks judgment in the principal amount of $101,965.74 due and owing under the Accounts, plus accrued interest at 1.5% per month (18% per annum) or the maximum rate allowed by law, and costs of collection, including reasonable attorneys' fees.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

12. AT&T incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 11 above.

13. MAX's refusal and failure to pay, as set forth above, constitutes a breach of the Contract.

14. AT&T performed all of its obligations under the Contract.

15. As a result of MAX's breach of the Contract, AT&T has suffered damages in the amount to be determined at trial, which is not less than $101,965.74.

16. Pursuant to the Master Agreement, Section 4, Payments, payment is due within thirty (30) days after the date of the invoice.

17. Pursuant to the Master Agreement, Payments, AT&T may assess interest charges to any past due undisputed amounts at the rate of 1.5% per month (18% per annum); and AT&T may also collect reasonable attorney's fees and costs associated with collecting delinquent or dishonored payments.

18. As a result of MAX's breach of the Contracts, AT&T has suffered damages in the amount to be determined at trial, but no less than $101,965.74, interest, reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Quantum Meruit/Unjust Enrichment)

19. AT&T incorporates by reference as if fully set forth herein, the allegations contained in Paragraphs 1 through 4, and 8 through 11 above.

20. AT&T provided goods and services to MAX.

21. The goods and services were provided by AT&T with the reasonable expectation that AT&T would be paid for the goods and services.

22. MAX requested and accepted the goods and services expecting to pay for them or under such circumstances that it knew, or as a reasonable organization should have known, that AT&T expected to be paid.

23. By failing to pay AT&T for the value of the goods and Services that AT&T provided and that MAX received, MAX has become unjustly enriched and is equitably indebted to AT&T.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff, AT&T Corp. respectfully requests that the Court enter judgment in its favor and against Defendant, Max Fitness Elite a/k/a Max Fitness, LLC, as set forth below:

1. Judgment in its favor for breach of contract and unjust enrichment;

2. Damages to compensate it for its injuries, or restitution for the goods and/or services it rendered and that unjustly enriched MAX;

3. Reasonable attorneys' fees and costs in this action;

4. Pre and post-judgment interest;

5. Any other such relief as the court may deem just and proper.

Respectfully submitted this 3rd day of October, 2018.

        BAKER DONELSON BEARMAN
        CALDWELL & BERKOWITZ, P.C.

        /s/ Dylan W. Howard
        Dylan W. Howard, Esq.
        Georgia Bar No. 370267
        Alexander F. Koskey, III, Esq.
        Georgia Bar No. 694546

        *Attorneys for Plaintiff AT&T Corp.*

Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA  30326
Phone: (404) 577-6000
Email: dhoward@bakerdonelson.com
Email: akoskey@bakerdonelson.com